IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

October 3, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| NORTH AMERICAN RAYON | ) | CARTER COUNTY |
| CORPORATION | ) | 03A01-9506-CH-00192 |
| | ) | |
| Plaintiff-Appellant | ) | |
| | ) | |
| | ) | |
| v. | ) | HON. THOMAS J. SEELEY, JR. |
| | ) | JUDGE |
| | ) | (Sitting by Interchange) |
| MARGARET C. CULPEPPER, | ) | |
| Commissioner of the Tennessee | ) | |
| Department of Employment | ) | |
| Security, and JUDY HOWELL | ) | |
| | ) | |
| Defendants-Appellees | ) | AFFIRMED AND REMANDED |

W. SHAWN McDANIEL OF KINGSPORT FOR APPELLANT

CHARLES W. BURSON, Attorney General, and VERNON A. MELTON, JR.,
Assistant Attorney General, NASHVILLE, FOR MARGARET CULPEPPER

O P I N I O N

Goddard, P.J.

North American Rayon Corporation appeals a judgment of
the Chancery Court for Carter County which upheld a Board of
Review determination that Judy Howell was entitled to

unemployment benefits incident to her termination by North American Rayon.

We restate North American Rayon's issue on appeal to assert that Ms. Howell's conduct in using drugs in contradiction of its drug policy and of an agreement signed by her precludes her from recovering unemployment benefits.

At the initial hearing before the Agency Ms. Howell was denied unemployment compensation. She appealed to the Appeals Tribunal which, after conducting a hearing, found certain facts which we believe are almost all the facts necessary for a proper resolution of this appeal. The findings of fact and conclusions of law based thereon by the Appeals Tribunal are as follows:

> FINDINGS OF FACT: Claimant's most recent employment prior to filing this claim was with North American Rayon, as an operator, from December 5, 1988, until December 13, 1993. In August, claimant had a drug screen test returned positive for marijuana. She was referred to the company EPA program, and, on August 13, signed a continuing employment agreement. Claimant passed a drug screen test in October. On December 1, she was tested, and on December 8, the test results were received with a positive for marijuana. Claimant does not use illegal drugs, and was aware her job was in jeopardy. She was exposed to second hand marijuana smoke in the employer's bathroom, but did not report this as a problem to the employer. On December 13, claimant was discharged for violation of the employer's drug policy.
>
> CONCLUSIONS OF LAW: The Appeals Tribunal finds claimant was discharged for violation of the employer's drug policy. A decision may not be based on hearsay alone, and claimant successfully refuted the written evidence of the employer. The record did not establish work related misconduct under T.C.A. § 50-7-303 (a)(2). The Agency decision is set aside. (Emphasis supplied.)

2

Supporting the foregoing findings is Ms. Howell's testimony that she did not indulge in the use of marijuana prior to the December 1 incident, but that she had inhaled second-hand smoke in a rest room of her employer where marijuana was being used which, according to Ms. Howell, was the most likely explanation for her testing positive on December 1.

In support of her insistence she introduced portions of a publication styled "Drugs in Modern Society," by Charles R. Carroll of Ball State University which, in addressing passive marijuana smoking, stated the following:

**Passive Marijuana Smoking**

. . . .

Since much of marijuana smoking occurs in closed and poorly ventilated environments, non-smokers who are present sometimes experience mild forms of involuntary intoxication, passive absorption of cannabinoids, and discomfort in breathing. Some nonsmokers who associate with marijuana users develop a sensitivity to secondhand marijuana smoke, experience a "contact high," and then become nauseated. It is most likely that passive marijuana smoking is a potential threat to the safety and well-being of nonsmokers, as it is to smokers themselves. (Emphasis supplied.)

There is testimony in the record from a representative of North American Rayon that a second drug test was performed, which confirmed the December 8th test, and also testimony from Ms. Howell that she was told by employees of Comprehensive Community Service, an organization from which she had sought

3

counseling after the August drug test, that inhaling secondary smoke "was the same as if you had smoked it yourself." Neither of these hearsay statements is otherwise authenticated in the record.

Thereafter, North American Rayon filed an appeal with the Board of Review which adopted the opinion of the Appeals Tribunal and also made a comment regarding her "ability and capacity to perform her job":

> FINDINGS OF FACT AND CONCLUSIONS OF LAW. Based upon the entire record in this cause, the Board of Review finds the Appeals Tribunal correctly found the facts and applied the law under TCA § 50-7-303 (a)(2). We hereby adopt the findings of fact and decision of the Appeals Tribunal but the same need not be copied herein for the purpose of our decision. We note that the employer has requested a hearing before us to present additional evidence concerning the claimant's drug test. We respectfully decline to schedule a hearing because we do not believe the evidence could cause us to reverse the decision of the Appeals Tribunal even if the employer proved by a preponderance of evidence that the claimant tested positive for marijuana. There would be a lack of evidence in the record that her marijuana use affected her ability and capacity to perform her job in an appreciable degree. In our opinion, the case law requires proof of effect on ability and capacity, when the conduct in question is off duty conduct. The conduct in question here is off duty conduct. We are in sympathy with the employer's attempt to provide a drug free workplace. However, we believe the law compels us in a case such as this to require proof of effect on the claimant's ability and capacity to perform her job in order to disqualify the claimant for benefits. (Emphasis supplied.)

North American Rayon thereupon appealed to the Chancery Court, which affirmed the decision of the Board of Review.

4

The Trial Court's standard of review as to the issue presented is set out in T.C.A. 50-7-304(i)(2)(E), which mandates that the decision appealed must be affirmed unless it is "unsupported by evidence which is both substantial and material in light of the entire record." The standard of review in this Court is the same. Southern Railway Co. v. State Board of Equalization, 682 S.W.2d 196 (Tenn.1984).

One ground upon which the Board of Review and the Chancery Court affirmed the award to Ms. Howell was the lack of evidence that her use of marijuana adversely effected her work for North American Rayon. Although the briefs of both parties spend considerable space addressing this issue, we believe the initial reason given by the Appeals Tribunal and affirmed by the Board of Review and the Chancellor is dispositive. The Appeals Tribunal found that Ms. Howell had not used marijuana on the occasion in question, and this determination was adopted by the Board of Review. There is substantial material evidence supplied by her testimony that this was the case. Given the fact that inhalation of marijuana smoked by others may cause physical problems incident thereto, which Ms. Howell testified she had experienced on previous occasions, together with the lack of proof that passive smoking could not result in a positive drug test, we are disinclined to disturb the findings below.

5

In light of the foregoing it is unnecessary that we determine whether the alleged misconduct affected Ms. Howell's ability and capacity to perform her job.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for such further proceedings, if any, as may be necessary and collection of costs below. Costs of appeal are adjudged against North American Rayon and its surety.

_____
Houston M Goddard, P.J.

CONCUR:


_____
Don T. McMurray, J.


_____
Charles D. Susano, Jr., J.

6